IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:08cv307
3:04cr58; 3:04cr59

| | |
|---|---|
| SAMUEL PAUL CROOK, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent.) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment (Doc. No. 5), filed September 19, 2008.

On September 24, 2008, this Court sent the Petitioner an Order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). In this Order, the Court notified the Petitioner that the Respondent had filed a Motion for Summary Judgment and that if the Petitioner failed to respond to this motion within thirty days, the Court might grant the Motion for Summary Judgment. Petitioner's deadline for filing a response has expired and Petitioner has failed to respond to the Respondent's Motion.

For the reasons set forth below, and in Respondent's Motion for

1

Summary Judgment, this Court grants Respondent's Motion for Summary Judgment and dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

On March 22, 2004, a federal grand jury in the Western District of North Carolina charged Petitioner with two counts of violating 18 U.S.C. § 111(a)(1). On April 12, 2005, the Honorable James C. Cacheris conducted a bench trial of Petitioner's conduct. Judge Cacheris found Petitioner not guilty of the crimes charged by reason of insanity. Judge Cacheris ordered that Petitioner be committed to a suitable facility until he was eligible for release pursuant to 18 U.S.C. § 4243(e).

On November 13, 2006, Petitioner moved this Court to conduct a psychiatric evaluation and to order his conditional release. Magistrate Judge Carl Horn denied Petitioner's motion because under § 4243(f) the Court would not conduct further proceedings until the director of the facility certified that Petitioner was not a present danger to the community. Following Judge Horn's Order, Petitioner's facility did make such a certification. Therefore, on April 15, 2008, Judge Horn issued a Conditional Release Order allowing Petitioner to transition to a community

care facility. Petitioner, however, violated the policies of the community care facility and Judge Horn issued an Amended Conditional Release Order on June 11, 2008, under which Petitioner was re-hospitalized and is awaiting transfer to a similar community confinement.

On June 30, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence seeking to withdraw his plea of not guilty by reason of insanity based upon his counsel's alleged ineffective assistance.

## **ANALYSIS**

Petitioner alleges that he received ineffective assistance of counsel because his counsel "tricked [him] into a plea of not guilty by reason of insanity." Petitioner asserts that his counsel told him that his only chance was to plead not guilty by reason of insanity and he "promised [Petitioner's] release in forty days if [he so pled]." Petitioner further alleges that his counsel lied to him; refused to use a doctor's report; and failed to explained Petitioner's rights to him. Petitioner seeks to have his plea withdrawn and new counsel appointed to represent him.

Section 2255 permits a prisoner in custody to move the sentencing court to vacate, set aside or correct a sentence subject to collateral attack. 28 U.S.C. § 2255. Petitioner was found not guilty by reason of insanity. In

3

the instant case, Petitioner was not sentenced. He was found not guilty. Consequently, because Petitioner is neither a prisoner nor serving a sentence, he may not move this Court for relief pursuant to 28 U.S.C. § 2255. See United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir. 2005)(per curiam)(dismissing appeal of denial of § 2255 where individual had been found not guilty by reason of insanity); see also Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004)(petitioner "was found not guilty by reason of insanity and therefore is not eligible for relief under 28 U.S.C. § 2255."); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999)(section 2255 is inapplicable to a petitioner who was originally found not guilty by reason of insanity "[b]ecause [he] was acquitted, [therefore] he is not a prisoner in custody under sentence . . . ."); Knox v. United States, 2008 WL 2168871 at * 4 (D.S.C. May 2, 2008)(slip copy)(noting that petitioner could not file a habeas petition under section 2255 because he was not a "prisoner in custody under sentence."); see also United States v. Boigegrain, 155 F.3d 1181, 1186 (10th Cir. 1998)("a defendant temporarily committed pursuant to section 4241(d) is neither a prisoner nor under sentence" and may not file a § 2255 motion).

Although hospitalized persons in situations similar to Petitioner's may

be entitled to file habeas petitions pursuant to 28 U.S.C. § 2241, this Court, in part because of Petitioner's failure to even respond to Respondent's Motion for Summary Judgment, declines to construe Petitioner's specifically labeled Motion to Vacate pursuant to 28 U.S.C. § 2255 as a habeas petition pursuant to 28 U.S.C. § 2241.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED;** and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

Signed: November 14, 2008

Martin Reidinger
United States District Judge