IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NOS. 3:04CR58-MR
3:04CR59-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>SAMUEL PAUL CROOK, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on (1) the letter, received June 1, 2009, from Senior U.S. Probation Officer Dianne C. Trombly, a Mental Health Specialist serving the U.S. District Court in Columbia, South Carolina (See Letter, attached hereto as Exhibit A); and (2) the Defendant's "Pro-Se Emergency Motion for Hearing" (document #42/document #35) filed June 19, 2009. The Court conducted a hearing on this matter on July 10, 2009.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant has violated the terms of the Amended Conditional Release Order (document #41/document #34) signed by Judge Martin Reidinger on April 28, 2009. Therefore, Defendant's return to the Just Care facility located in Columbia, South Carolina is ordered as discussed below.

On March 22, 2004, Defendant was charged in a Bill of Indictment with two counts of interference with the official duties of a Transportation Security Administration Screener, in violation of 18 U.S.C. § 111(a)(1). In a separate Bill of Indictment also filed on March 22, 2004, Defendant was charged with threatening the President of the United States, in violation of 18 U.S.C. § 871. These two cases were consolidated for the purposes of trial on April 12, 2005.

Following a non-jury trial, the Court found Defendant not guilty of these charges by reason

of insanity. On July 20, 2006, Magistrate Judge Carl Horn, III, entered an Order (document #26/document #23) committing Defendant to the custody of the Attorney General for care and treatment pursuant to the provisions of 18 U.S.C. § 4243. Defendant was transferred to the Federal Medical Center ("FMC") in Devens, Massachusetts, for a comprehensive evaluation.

Subsequently, on April 20, 2007, Judge Horn entered an Order of Conditional Release (document #33/document #29) pursuant to 18 U.S.C. § 4243(f), approving the transfer of Defendant to the William S. Hall Psychiatric Center in Columbia, South Carolina, under conditions proposed by the FMC. On April 15, 2008, Judge Horn entered an Amended Conditional Release Order (document #35/document #35), releasing Defendant to a community care home designated by the South Carolina Department of Mental Health.

On June 11, 2008, after Ms. Trombly reported to the Court that Defendant had absconded from the supervision of the community care home for a period of two hours, Judge Horn entered an Order (document #37/document #30) directing Defendant's return to the Just Care Facility in Columbia, South Carolina. In this Order, Judge Horn stated that a less restrictive placement would not be authorized "until the Defendant demonstrates that he is able to comply with the rules of the facility in which he is next placed on a consistent basis."

On April 28, 2009, based on recommendations from the forensic staff of the Just Care Facility and Ms. Trombly, Judge Martin Reidinger entered an Amended Conditional Release Order (document #41/document #34), directing Defendant to be moved to a supervised apartment program in the community operated by through the Pee Dee Mental Health Center in Florence, South Carolina. In his order, Judge Reidinger listed eight (8) conditions that Defendant must comply with in order to remain in the community. Defendant was transported to Pee Dee Mental Health Center

on May 8, 2009, at which time he was placed into a supervised apartment.

Ms. Trombly has advised the Court that Defendant has proven that he simply cannot cope with the freedoms afforded when not in a locked and highly structured facility. Within a week of arriving at the Pee Dee Mental Health Center, Defendant was already showing signs of decompensation, as evidenced by his becoming belligerent toward and demanding of staff members, his refusal to take physical health medications or attend therapy groups, and overall noncompliance with program rules and expectations. Ms. Trombly had a lengthy conversation with Defendant and explained that failure to comply with the program rules and cooperate with staff and other residents would result in his being returned to Just Care. However, according to Dionne Graham, the Program Supervisor for the Pee Dee Mental Health Center, these reprimands and instructions had no impact on Defendant's behavior and he violated several conditions of the Amended Conditional Release Order. Ms. Graham notes in a letter to Ms. Trombley dated June 1, 2009, that Defendant violations include the following : (1) failure to take medication as prescribed; (2) not reporting to scheduled appointments as deemed necessary; and (3) not adhering to program rules. (See Letter, attached hereto as Exhibit B).

Based upon the testimony of Ms. Trombly and Defendant at the hearing on July 10, 2009, the Court concludes that Defendant has violated the conditions imposed in Judge Reidinger's Amended Conditional Release Order and that he should be returned to the Just Care Facility in Columbia, South Carolina, where he is to be housed until such time as the forensic staff of the Just Care Facility determines that Defendant is able to comply with the rules of a community placement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. Defendant shall be returned to the Just Care Facility, 7901 Farrow Road, Columbia, South Carolina 29203, where he is to be securely housed by the South Carolina Department of Mental Health.

2. Defendant shall be continued on intramuscular administration of antipsychotic medications/mood stabilizers until such time as medical personnel attending him may recommend their discontinuance and the Court amends or removes this condition.

3. The Clerk is directed to send copies of this Order to counsel for the Defendant, Scott Gsell, and Assistant U.S. Attorney Craig Randall and to:

>Diane C. Trombly
>Senior U.S. Probation Officer
>1835 Assembly St., Room 611
>Columbia, SC 29201

**SO ORDERED**, this 10th day of July, 2009.

David S. Cayer
United States Magistrate Judge