UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-cr-00058-MOC-DSC and 3:04-cr-00059-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SAMUEL PAUL CROOK,** | ) | |
| Defendant). | ) | |

**THIS MATTER** is before the court on defendant's pro se "Motion[s] to Appeal" filed in both of defendant's criminal cases. In those motions, defendant appears to object to the Orders of Magistrate Judge David S. Cayer denying his earlier "Motion[s] of [*sic.*]Appoint Counsel to Remove Plea." " (#84 in the '58 case and #69 in the '59 case). In denying those motions, it appears that Judge Cayer determined such motions to be motions for appointment of counsel and denied those motions as moot inasmuch as counsel had already been appointed.

Reading such pro se pleadings even broader and in a light most favorable to defendant, it appears that defendant may have been requesting that his 2005 pleas of "not guilty by reason of insanity" be withdrawn because his prior attorney, Mr. Gsell, allegedly coerced him into entering such pleas. That insanity plea (or defense) was successful as a stipulation was filed and a Verdict was entered finding that defendant was not guilty by reason of insanity. Apparently, defendant is no longer happy with the consequences of such plea, which have included post-verdict hospitalization by the Attorney General at an FMC and conditional release under court supervision. The underlying plea and verdict have, however, been final for some time and defendant's decision to plead not guilty by reason of insanity is no longer directly reviewable.

1

The court has, therefore, construed the instant motions to be timely filed objections to Judge Cayer's Orders. The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y.2002).

The court has carefully reviewed the Orders as well as the objections and has determined that the Order of the magistrate judge is fully consistent with and supported by current law as defendant has been appointed counsel and Mr. Gsell is no longer involved in the case. When the underlying motions are read even broader, defendant may well have been seeking relief in the form of withdrawal of his 2005 pleas post-Verdict. Defendant cannot challenge that plea or the effectiveness of counsel in entering such plea by way of a direct or collateral appeal. As to direct review, a defendant who successfully asserts a defense of not guilty by reason of insanity may not seek or receive direct review of an acquittal brought about by a successful insanity defense. See 18 U.S.C. § 17(a) (2000) (setting forth insanity as an affirmative defense); United States v. Roney, 388 Fed.Appx. 348 (4th Cir. July 21, 2010); United States v. Wattleton, 296 F.3d 1184, 1194-95 (11th Cir.2002) (rejecting appeal of acquittal after successful insanity defense); Curry v. Overholser, 287 F.2d 137, 139-40 (D.C.Cir.1960) (same). Further, collateral review of the consequences of a successful insanity plea is also not available: "Section 2255 is a vehicle for attacking a **federal conviction and sentence**. Here, Tucker received no sentence and was in fact

found not guilty, albeit only by reason of insanity." United States v. Tucker, 153 Fed.Appx. 173 (4th Cir. 2005) (emphasis added). Based on such determination, the court will overrule the objection and fully affirm the Order.

***

What is now before the court is whether the court should fully revoke its Order of Conditional Release and return defendant to a suitable federal facility for hospitalization or continue him on Conditional Release. Defendant is advised that the court has appointed him a new attorney, Mr. Lee, and that he should work with his attorney in preparing for that hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Orders of Judge Cayer are **AFFIRMED** and defendant's pro se "Motions to Appeal" (#84 in the '58 case and #67 in the '59 case), considered to be Objections, are **OVERRULED**.

Signed: 3/24/2014

Max O. Cogburn Jr.
United States District Judge