UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-CR-00058-MOC-DSC & 3:04-CR-0059-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SAMUEL PAUL CROOK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se, uncaptioned pleadings filed October 26, 2018. The Court notes that the pleadings appear to have been captioned, at some point, "Motion to Appeal to the Supreme, United States Court of Appeals for the Fourth Circuit No. 18-6484(L)." That caption has, however, been marked through in the original as received by this Court.

Earlier this year, defendant filed motions, which this Court denied as defendant remained represented by counsel. Defendant appealed those Orders, and such disposition was affirmed by the Court of Appeals for the Fourth Circuit. United States v. Crook, No. 18-6484 & No. 18-6485 (4th Cir. Aug. 21, 2018). After that affirmance became final, defendant filed a new, nearly identical set of motions, which this Court again denied, citing its previous determination and the determination of the appellate court, which was not appealed to the United States Supreme Court. The pleadings now before the Court come on the heels of such resolution earlier this week. In these pleadings, defendant again argues that he received ineffective assistance at trial and requests that he be granted a new trial. While such contentions are of the type made under 28, United States Code, Section 2255, defendant has not presented them on the applicable forms that would indicate

1

he is attempting to file another Section 2255 petition. However, even if the Court were to construe the pleadings now before it as a Motion to Vacate, Set Aside, or Correct Sentence, that pleading would be barred as review of the docket reveals that defendant has already filed Section 2255 petitions which have been denied, that he has not received leave from the Court of Appeals for the Fourth Circuit to file a second or subsequent petition, and that he lacks standing to file a petition because he is not in custody pursuant to a sentence imposed by this Court.

In his first Section 2255 motion, defendant contended that he received ineffective assistance of counsel because his counsel "tricked [him] into a plea of not guilty by reason of insanity." Crook v. United States, 3:08cv307 (W.D.N.C. 2008). That petition was dismissed in 2008, with this Court finding that

> [p]etitioner was found not guilty by reason of insanity. In the instant case, Petitioner was not sentenced. He was found not guilty. Consequently, because Petitioner is neither a prisoner nor serving a sentence, he may not move this Court for relief pursuant to 28 U.S.C. § 2255.

Crook v. United States, 2008 WL 4933966, at *2 (W.D.N.C. Nov. 14, 2008) (Reidinger, J.).

Seven years later in 2015, defendant filed a spate of Section 2255-type motions in these criminal actions realleging his contention that he was afforded ineffective assistance of counsel at trial. This Court screened defendant's second attempt at a Section 2255 action, dismissing that petition as frivolous, holding that

> [p]etitioner's newest petition is little changed from the petition he filed in 2008. He remains ineligible to apply for relief under Section 2255 because he is not a prisoner as he was found not guilty by reason of insanity. United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir.2005) (*per curiam*) (dismissing appeal of denial of § 2255 where individual had been found not guilty by reason of insanity); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir.1999)(section 2255 is inapplicable to a petitioner who was originally found not guilty by reason of insanity "[b]ecause [he] was acquitted, [therefore] he is not a prisoner in custody under sentence….").

Crook v. United States, 3:15cv547 (W.D.N.C. November 18, 2015) (Order #2 at 2). While defendant was conditionally released from hospitalization after such Order was entered, such release was terminated based on failure to comply with such conditions. 3:04cr58, Order (#148). Since 2015 and during his recommitment pursuant to 18 U.S.C. § 4243(g), defendant has remained represented by Mr. Lee.

As defendant is not being detained pursuant to a sentence of this Court, Section 2255 provides no avenue for relief. In addition, to the extent defendant is seeking a new trial under Rule 33, defendant fundamentally lacks standing because he has been acquitted of the charges on which he seeks a new trial. Defendant is again encouraged to raise any legal concerns he may have in correspondence with his attorney, Mr. Lee, as this court simply cannot grant him relief under Section 2255 or a new trial under Rule 33.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se, uncaptioned pleadings (#162 in the '58 case and #131 in the '59 case) are **DENIED** as defendant lacks standing to seek relief under Section 2255 or under Rule 33, Federal Rules of Criminal Procedure.

**Denial of Certificate**

To the extent defendant has attempted to file a Section 2255 petition, and pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order

to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

The Clerk of Court is respectfully instructed to enter this Order in both of the above-captioned matters.

Signed: October 26, 2018

Max O. Cogburn Jr
United States District Judge