# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL NO. 3:04-CR-00058-MOC-DSC
# CRIMINAL NO. 3:04-CR-59-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAMUEL PAUL CROOK, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the "Motion to Withdraw as Appointed Counsel" (document # 186 and 155) filed February 17, 2021 and Defendant's pro se letter entitled "Motion to Excuse Counsel for Ineffective Assistance of Counsel" (document #187 and 156) filed on February 23, 2021.

Defendant was committed to the custody of the Attorney General under 18 U.S.C. § 4243 on July 10, 2006 following a verdict of not guilty by reason of insanity. Defendant was conditionally released in April 2007. On December 18, 2017, his conditional release was revoked for failure to comply with treatment and he was returned to custody. On May 7, 2020, a Risk Assessment Panel Report from the Devens Federal Medical Center found that he continues to suffer from a mental disease or defect which would create a substantial risk of bodily injury to another person or serious damage to property of another if released into the community. As a result, Defendant remains committed pursuant to 18 U.S.C. § 4243.

On March 16, 2021, the Court conducted an inquiry of counsel hearing on the two pending Motions. Defendant appeared via Zoom from the Devens Federal Medical Center. Appointed counsel Rick Winiker represented that Defendant wants him removed as counsel. Mr. Winiker has been monitoring Defendant's status and conferring with the Government about the case. He is providing effective representation under these circumstances. When Defendant was allowed to speak, the Court found him to appear paranoid, psychotic, and at times incoherent. The Court concluded that he is unable to address the issue of counsel or any other matters related to his case in his present state.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must show good cause in requesting a new appointed lawyer." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). The Court does not find good cause to appoint new counsel here. Defendant needs counsel and the Court finds no basis to remove Mr. Winiker. Therefore, the Court DENIES both Motions.

The Clerk is directed to send copies of this Order to counsel for Defendant, the U.S. Attorney, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: March 23, 2021

David S. Cayer
United States Magistrate Judge